# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-250V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | \* | |
| DANA BERTUCCI, *on behalf of* | \* | |
| *her minor child*, D.A., | \* | Chief Special Master Corcoran |
| | \* | |
| Petitioner, | \* | Filed:  June 24, 2026 |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Jonathan J. Svitak,* Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Ryan P. Miller*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On March 4, 2022, Dana Bertucci, on behalf of her minor child, D.A., filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) at 1. Petitioner alleges that a measles, mumps, rubella, varicella vaccine administered to D.A. on March 7, 2019, caused him to develop "a primary disseminated [h]erpes zoster infection." *Id.* The parties briefed their position, and I issued a decision dismissing the case for insufficient proof on March 23, 2026. Decision, dated Mar. 23, 2026 (ECF No. 38). That Decision was not appealed, and judgment has since entered.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated June 5, 2026 (ECF No. 42) ("Mot."). This is Petitioner sole such request. Petitioner requests

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

1

$20,634.30 in attorney's fees and costs (consisting of $20,232.30 in fees, plus $402.00 in costs) for the work performed by her counsel at Shannon Law Group, P.C. Mot. at 4.

Respondent reacted to Petitioner's Motion, deferring to my discretion as to whether Petitioner has met the legal and statutory requirements for a fees and costs award, as well as the calculation of the amount to be awarded. *See* Response, dated June 18, 2026 (ECF No. 43) at 4−5.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$20,634.30**.

## ANALYSIS

### I.    Petitioner's Claim has Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the claim—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is inherently easier to satisfy than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y*

*of Health & Hum. Servs*., 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs*., 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs*., 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).

Petitioner's claim was ultimately unsuccessful, but there was sufficient objective basis to entitle her to a fees and costs award. There was some record evidence that D.A. had a reaction to the vaccine at issue, and the dispute about severity was reasonable, even if Petitioner's claim overall was not likely to succeed. Thus, and in light of the exceedingly lenient standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.     Calculation of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her various attorneys, based on the years work was performed:

3

|  | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|
| **Jonathan J. Svitak** | $350.00 | $380.00 | $410.00 | $450.00 | $495.00 |
| **Patrick Anderson** | $315.00 | $315.00 | n/a | n/a | n/a |
| **Paralegals** | $177.00 | $186.00 | n/a | $212.00 | $228.00 |

Counsel Time Entries, filed June 5, 2026 (ECF No. 42-2) at 1–8.

The rates requested for Mr. Svitak and colleagues are consistent with what has previously been awarded for the work of these attorneys, in accordance with the Office of Special Masters' fee schedule.[3] *See Schara v. Sec'y of Health & Hum. Servs.*, No. 24-541V, 2026 WL 459325, at *1 (Fed. Cl. Spec. Mstr. Jan. 14, 2026); *Miller v. Sec'y of Health & Hum. Servs.*, No. 21-0570V, 2023 WL 6973048, at *2 (Fed. Cl. Spec. Mstr. Sep. 22, 2023). There is thus no basis for reducing them in this instance. And I find the time devoted to the matter reasonable as well.

### III.     Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $402.00 in outstanding costs for her counsel at Shannon Law Group, P.C. Mot. at 4. This cost includes only the filing fee for the Petition. Costs Invoice, filed June 5, 2026 (ECF No. 42-4) at 1–2. Petitioner has provided supporting documentation for all claimed costs. *See id.* The cost requested herein is typical in Program cases and was reasonably incurred in this matter, and Respondent offered no specific objection to the rates or amounts sought. Therefore, I find the requested costs reasonable and hereby award them in full.

### CONCLUSION

Based on the foregoing, and in the exercise of discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$20,634.30 (comprised of $20,232.30 in fees and $402.00 in costs) to be paid through an ACH deposit to Petitioner's counsel's (Jonathan J. Svitak) IOLTA account for prompt disbursement.** In the absence of a motion for review filed pursuant to RCFC Appendix B,

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited on June 24, 2026).

the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

5